In re **CONJUNCTIVE BILLING BY ELECTRIC UTILITIES.**

No. 6298-EU.

Florida Public Utilities Commission.

July 23, 1963.

Chairman EDWIN L. MASON, Commissioners JERRY W. CARTER and WILBUR C. KING each participated in the hearing and disposition of this matter.

BY THE COMMISSION.

This proceeding was instituted by the commission, on its own motion, after receiving several complaints from users of electricity that some electric utilities have refused to give such customers conjunctive billing or totalizing metering even though other customers of the same utility have received the benefits of such billing over a considerable period of time.

Formal notice was issued announcing the investigation and setting the matter for a public hearing for the purpose of determining —

1. Whether or not any electric utilities, subject to the jurisdiction of this commission, are in fact engaging in any such billing practices with any customers of said utilities.

2. Ascertaining whether or not it would be in the public interest to revise existing rules of the commission and existing tariff provisions of the electric utilities so as to permit such billing practices.

3. Determining what action should be taken by the commission with reference to continuing any existing billing of this nature by said electric utilities even though it may be determined that existing rules and existing tariff provisions should not be revised.

A public hearing was held as scheduled in the formal notice, and numerous witnesses appeared, including all respondent electric utilities, and gave testimony concerning their requirements, their experiences concerning the problem, and their reasons why they supported or opposed conjunctive billing.

After months of study and research the commission has reached a determination in this very complex and technical matter. Seldom has the commission been confronted with a problem of such magnitude and such complexity. Few experts agree on any reasonable solution to the problem. Other jurisdictions have experienced considerable difficulty in finding a satisfactory and enduring answer to this problem which apparently has developed through the years and has grown out of the desire of the utilities to give those customers *served at multiple locations,* separately metered, the same benefits they would enjoy if all their consumption and demand were registered through a single meter. The benefit, of course, arises from the fact that the combined usage *apportions a greater percentage of the customer's requirements to the lower priced rate blocks, thereby effecting economies* which would not be accomplished with each location being billed separately.

Conjunctive billing is the practice of *combining,* for billing purposes, *the quantities of energy, demands or other items of two or more meters or services into respective single quantities, as if the bill were for a single meter or service.* In some instances the *locations* or premises served may be miles apart and the distribution facilities necessary for serving one are not used in serving the other *or others.* For example, Customer A may have two retail stores, one located in Northgate and the other located, several miles away, in Southgate of the same city. In some instances Customer A has been given the benefit of conjunctive billing for the service to the two establishments. At the same time, Customer B, who has a similar retail store next door to Customer A's store in Northgate, and Customer C, who has a similar store next door to Customer A's in Southgate, are unable to obtain similar benefits although it costs the utility just as much to serve Customer A at each of his locations as it does to serve the sep-

arate establishments of Customers B and C. Such practices are, in our opinion, unjustly discriminatory and should be prohibited.

Conjunctive billing is construed to include totalizing metering, additive billing, plural meter billing, conjunctional metering, and all like or similar billing practices which seek to combine, for billing purposes, the separate consumptions and registered demands *of two or more meters serving a single customer.*

We entertain no doubts concerning the unjustness of most conjunctive billing practices. However, as a result of the hearing in this proceeding and our independent research and study of the matter, it appears that there are and can be situations where some combining of meter readings is not unjustly discriminatory or unduly preferential. It is not our purpose to condemn and prohibit such situations. In order that everyone may know what this commission considers as permissible conjunctive billing, we have developed the following categories —

(a) Service furnished to separate locations on the campus or school-grounds of colleges, universities, and grade schools, whether public, private or parochial, when such service is paid for by the college, university or school, or its governing body.

(b) Service furnished to any governmental entity when the separate buildings, or points of service, are located on property that is or would be adjacent or contiguous except for the immediately intervening street, alley or highway.

(c) Service furnished to any recognized church when the separate buildings or points of service are situated on property that is or would be adjacent or contiguous except for the immediately intervening street, alley or highway.

(d) Service furnished to separate buildings, under the same ownership or leasehold, which are structurally joined, or located on property that is or would be adjacent or contiguous except for the immediately intervening street, alley or highway, which buildings are under the complete control of the utility's customer, and where more than one delivery point is desirable for economic, physical, or other reasons, and the adding of consumptions and demands for billing purposes does not require greater capital expense to the utility.

Based upon the entire record herein we make the following findings —

1. Conjunctive billing, for the purpose of this order, should be construed to include totalizing metering, additive billing, plural meter billing, conjunctional metering, and all like or similar billing practices which seek to combine, for billing purposes, the separate consumptions and registered demands of two or more meters serving a single customer.

2. The practice of combining, for billing purposes, the quantities of energy, demands or other items of two or more meters

or services into respective single quantities, as if the bill were for a single meter or service, whether designated as conjunctive billing, totalizing metering, additive billing, plural meter billing, conjunctional metering, or some other term, is unjustly discriminatory, unduly preferential, and should be prohibited, except as to those situations and categories hereinafter specified.

3.   The following service situations shall entitle the customer to conjunctive billing, as construed herein, and such billing for the service specified will be fair and reasonable and not unjustly discriminatory or unduly preferential —

(a)   Service furnished to separate locations on the campus or school-grounds of colleges, universities, and grade schools, whether public, private or parochial, when such service is paid for by the college, university or school, or its governing body.

(b)   Service furnished to any governmental entity when the separate buildings, or points of service, are located on property that is or would be adjacent or contiguous except for the immediately intervening street, alley or highway.

(c)   Service furnished to any recognized church when the separate buildings or points of service are situated on property that is or would be adjacent or contiguous except for the immediately intervening street, alley or highway.

(d)   Service furnished to separate buildings, under the same ownership or leasehold, which are structurally joined, or located on property that is or would be adjacent or contiguous except for the immediately intervening street, alley or highway, which buildings are under the complete control of the utility's customer, and where more than one delivery point is desirable for economic, physical, or other reasons, and the adding of consumptions and demands for billing purposes does not require greater capital expense to the utility.

4.   The prohibitions contained in this order should not be construed as having any application to the present method of serving and billing poultry farmers as required by the outstanding orders of this commission.

5.   All electric utilities subject to the jurisdiction of this commission should be required to amend their respective rules and regulations, within sixty days from the date of this order, so as to eliminate conjunctive billing, as construed herein, except in those service situations hereinbefore specified. Said amended rules and regulations should affirmatively provide for and allow said exceptions.

Now, therefore, in consideration thereof, it is ordered that conjunctive billing, for the purpose of this order, be and the same is hereby construed to include the totalizing metering, additive billing, plural meter billing, conjunctional metering, and all like or similar billing practices which seek to combine, for billing pur-

poses, the separate consumptions and registered demands of two or more meters serving a single customer.

It is further ordered that the practice of combining, for billing purposes, the quantities of energy, demands or other items of two or more meters or service into respective single quantities, as if the bill were for a single meter or service, whether designated as conjunctive billing, totalizing metering, additive billing, plural meter billing, conjunctional metering, or some other term, be and said practice is hereby prohibited, except where the combined billing is for —

(a) Service furnished to separate locations on the campus or school-grounds of colleges, universities, and grade schools, whether public, private or parochial, when such service is paid for by the college, university or school, or its governing body.

(b) Service furnished to any governmental entity when the separate buildings, or points of service, are located on property that is or would be adjacent or contiguous except for the immediately intervening street, alley or highway.

(c) Service furnished to any recognized church when the separate buildings or points of service are situated on property that is or would be adjacent or contiguous except for the immediately intervening street, alley or highway.

(d) Service furnished to separate buildings, under the same ownership or leasehold, which are structurally joined, or located on property that is or would be adjacent or contiguous except for the immediately intervening street, alley or highway, which buildings are under the complete control of the utility's customer, and where more than one delivery point is desirable for economic, physical, or other reasons, and the adding of consumptions and demands for billing purposes does not require greater capital expense to the utility.

It is further ordered that each electric utility subject to the jurisdiction of this commission be and it is hereby required to amend its rules and regulations, within sixty days from the date of this order, so as to eliminate conjunctive billing, as construed herein, except in those service situations hereinbefore specified. Said amended rules and regulations shall affirmatively provide for and allow said exceptions. Said amended rules and regulations shall be submitted to this commission for its approval not later than sixty days from the date of this order and, when approved, shall become effective on a date to be specified by the commission at the time of said approval.

It is further ordered that the prohibitions contained in this order shall in no wise affect the present method of serving and billing poultry farmers as required by the outstanding orders of this commission.